1  SOLOMON E. GRESEN [SBN: 164783]      (SPACE BELOW FOR FILING STAMP ONLY)
   JACK RISEMBERG [SBN: 291788]
2  RGLAWYERS, LLP
   15910 VENTURA BOULEVARD, SUITE 1610
3  ENCINO, CALIFORNIA 91436
   TELEPHONE:  (818) 815-2727
4  FACSIMILE:   (818) 815-2737

5  Attorneys for Plaintiff, Elijah Bey

6

                    UNITED STATES DISTRICT COURT
7
             FOR THE CENTRAL DISTRICT OF CALIFORNIA
8

9
   ELIJAH BEY, on behalf of himself and  )  CASE NO.: CV 16-6024 FMO (RAOx)
10 all others similarly situated,         )
                                          )  CLASS ACTION
11                  Plaintiff,            )
                                          )  THIRD AMENDED COMPLAINT
12        vs.                             )  FOR:
                                          )
13 MOSAIC SALES SOLUTIONS US             )  1.    Failure to Pay Wages Due and
   OPERATING CO., LLC, a Delaware         )        Owing (IWC Wage Order No. 4;
14 limited liability company, and DOES 1  )        Cal. Lab. Code §§ 201, 202, 203,
   through 100, inclusive.                )        204, 210, 223, 226.7, 558, 1194,
15                                        )        1197, 1197.1 and 1198);
                    Defendants.           )
16                                        )  2.    Failure to Pay Overtime Wages
                                          )        (IWC Wage Order No. 4; Cal.
17                                        )        Lab. Code §§ 223, 510, 558,
                                          )        1194 and 1198);
18                                        )
                                          )  3.    Failure to Provide Meal or Rest
19                                        )        Breaks (IWC Wage Order No. 4;
                                          )        Cal. Lab, Code §§ 226.7 and
20                                        )        512);
                                          )
21                                        )  4.    Failure to Provide Accurate
                                          )        Itemized Statements (IWC Wage
22                                        )        Order No. 4; Cal. Lab. Code §
                                          )        226);
23                                        )
                                          )  5.    Unfair Business Practices
24                                        )        (Business & Professions Code §
                                          )        17200 et seq.).; and
25                                        )
                                          )  DEMAND FOR JURY TRIAL
26 ———————————————————————— )

27        COMES NOW Plaintiff, Elijah Bey, on behalf of himself and all others

28 similarly situated, who complains and pleads on information and belief as follows:

                                  1
           THIRD AMENDED CLASS ACTION COMPLAINT

## JURISDICTION AND VENUE

1.     On November 20, 2015, Plaintiff, Elijah Bey, filed the instant class action suit against Defendant Mosaic Sales Solutions US Operating Co., LLC ("Mosaic"), a Delaware limited liability company, in Los Angeles Superior Court. On August 11, 2016, Mosaic filed its Notice of Removal, Docket No. 1, asserting jurisdiction under both the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 28 U.S.C. § 1332(d), as well as traditional diversity jurisdiction 1332(a)-(c). On September 1, 2016, this Court issued an Order to Show Cause re: Remand, Docket No. 9, and on September 8, 2016, Defendant filed its Response, Docket. No. 10. On September 15, 2016, Plaintiff filed his Reply to Defendant's Response. Docket No. 11. This satisfied the Court as to the amount in controversy requirements of 28 U.S.C. § 1332(a) and/or 28 §  U.S.C. 1332(d).

On September 22, 2016, this Court issued an Order to Show Cause re: Diversity of Citizenship. Docket No. 12. On September 29, 2016, Defendant filed its Response to Order to Show Cause re: Diversity of Citizenship. This satisfied the Court as to the diversity of citizenship requirements of 28 U.S.C. 1332(a) and/or 28 §  U.S.C. 1332(d).

Accordingly, this Court has jurisdiction over this case.

Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claim occurred within the geographical boundaries of the Central District of California. 28 U.S.C. 1391(b)(2).

## PLAINTIFF CLASS

2.     The acts complained of herein occurred within the last four years preceding the filing of the Complaint, on or around November 20, 2015. During the relevant period, Plaintiff and proposed Class Representative Elijah Bey ("Plaintiff" or "Bey") was a resident of Los Angeles California, and worked  in California as a nonexempt employee for Defendant Mosaic Sales Solutions U.S. Operating Co., LLC, and Does 1 through 100, inclusive, (referred to as

THIRD AMENDED CLASS ACTION COMPLAINT

"Defendants" or "Mosaic").  Specifically, Plaintiff worked for Mosaic from approximately, October of 2013, through December of 2013, in kiosks or other temporary structures in sales and/or marketing positions.

3.  At all times herein mentioned, Plaintiff and the entirety of the proposed Class identified herein were or are current or former employees of Defendants who were deprived of wages earned, minimum wages and overtime pay, whose overtime was not properly paid, whose payroll records did not reflect all hours worked, and who were not provided uninterrupted meal and rest breaks, among other things. To wit, Plaintiff and the Plaintiff unlawful policies and/or practices, including but not limited to, the following:

•   Defendant's failed to provide and/or Plaintiff and the Plaintiff class were unable to timely and uninterrupted meal and rest breaks;

•   Plaintiff and the Plaintiff Class worked off-the-clock setting up and dismantling kiosks for temporary promotions (e.g., college campus promotions, and other promotions outside of the semi-permanent mall installations), and were therefore denied regular and overtime wages;

•   Defendant maintained a policy by which Plaintiff and Plaintiff class could not earn overtime if the overtime hours worked were not all spent on the same client's promotion (e.g., if an employee spent 4 hours on working a promotion for one Mosaic client in a day, and 5 hours working on promotion for another of Mosaic's clients, they neither entitled to overtime under Mosaic's polices, nor paid overtime).

## DEFENDANTS

4.  Plaintiff is informed, believes, and thereon alleges that Defendant Mosaic Sales Solutions U.S. Operating Co., LLC, was and is a Delaware limited liability company and at all relevant times mentioned herein, was authorized to and doing business in the State of California, County of Los Angeles.

5.  At all times herein mentioned, Defendants operated field marketing

and merchandising, and sales campaigns throughout California, and were the employers of Plaintiff and the Plaintiff Class. Thus, Defendants are and were subject to California law including, without limitation, California Business and Professions Code section 17200, et seq. ("Unfair Competition Law") and the California Labor Code.

## DOE DEFENDANTS

6.     The true names and capacities, whether individual, corporate, associate or otherwise, of defendants named herein as DOES 1 through 100, and each of them, are unknown to Plaintiff, who therefore sues said Defendants by said fictitious names.  Plaintiff is informed, believes, and thereon alleges that each of said DOES 1 through 100, and each of them, is negligently or otherwise responsible in some manner for the events and happenings herein referred to, and negligently or otherwise caused injuries and damages proximately thereby to Plaintiff and the Plaintiff Class.  Plaintiff prays leave to amend this complaint to substitute the specific names of said DOES 1 through 100, and each of them, and to specify their said negligent or otherwise wrongful acts as they become known.

## CO-CONSPIRATORS, AIDERS AND ABETTORS

7.     Defendants, along with various persons, individuals, partnerships, corporations and associations not named in this complaint, have participated as co-conspirators and/or have aided and abetted in the violations alleged in this complaint, and have performed acts and made statements in furtherance thereof.

## AGENCY, JOINT VENTURE, ALTER EGO

8.     Plaintiff is informed, believes, and thereon alleges that at all times mentioned herein, Defendant and the DOE Defendants, DOES 1 though 100, inclusive, and each of them, were the officers, directors, brokers, agents, contractors, advisors, servants, partners, joint venturers, managers, owners, parents, subsidiaries, and/or employees of their Co-Defendants, and were acting within the scope of their authority as such agents, contractors, advisors, servants,

THIRD AMENDED CLASS ACTION COMPLAINT

partners, joint venturers, managers, owners, parents, subsidiaries, and employees with the permission and consent of their Co-Defendants. Each Defendant, as aforesaid, was acting as a principal, and was involved in the selection, consultation, and/or hiring of each and every other participant in the events relevant herein.

9.   Plaintiff is informed, believes and thereon alleges that there existed and exists such a unity of interest and ownership between Defendant and its equitable owners, DOES 1 through 100, and each of them, that the separate personalities of the corporation and the shareholders do not in reality exist. Accordingly, Plaintiff is informed, believes and thereon alleges that DOES 1 through 100, and each of them, are the "alter-egos" of Defendant.

## CLASS ACTION ALLEGATIONS

10.   Plaintiff brings this action on behalf of himself and all others similarly situated, as a Class Action pursuant to California Code of Civil Procedure section 382.

Plaintiff is informed and believes, and thereon alleges that during the class period, in excess of 100 members of the Plaintiff Class have been employed by Defendants as nonexempt employees in the State of California.

11.   Because Defendants employed so many persons as nonexempt the Members of the Plaintiff Class are so numerous that joinder of all members of the Plaintiff Class is impossible and/or impracticable.

12.    The "Class" and "Sub-Class" which the Plaintiff seek to represent are composed of and defined as follows:

### Class

All persons who, from on or around November 20, 2011, up to and including the time at which judgment is entered in this matter, have been or currently are employed in California by Defendants, classified as "nonexempt" from overtime and other wage laws, and who worked in kiosks or other temporary structures in sales and/or marketing positions.

THIRD AMENDED CLASS ACTION COMPLAINT

**Sub-Class**

> All Class Members whose employment with Defendants has ended or will end prior to the time at which judgment is entered in this matter.

13.     Plaintiff reserves the right under California Rules of Court, Rule 3.765(b), to amend or modify the Class descriptions with greater specificity or further division into subclasses or limitation to particular issues.

14.     The Members of Plaintiff Class are so numerous that joinder of all Members would be unfeasible and impracticable. The membership of each entire Class is unknown to Plaintiff at this time; however, the Plaintiff Class is estimated to be in excess of 100 individuals, and the identity of such membership may be readily ascertainable via inspection of Defendants' business records.

15.     The Class Action is superior to other available methods for the fair and efficient adjudication of this controversy. Plaintiff will fairly and adequately protect the interests of the Members of the Plaintiff Class and has retained counsel competent and experienced in both Class action and employment litigation.

16.     Common questions of law and fact exist as to all Members of the Plaintiff Class and predominate over any questions affecting solely individual Members of the Plaintiff Class.  Among the questions of law and fact, those questions which are relevant to adjudication of Class Members' claims are as follows:

a.     Whether Defendants failed to pay wages earned by Plaintiff and Members of the Plaintiff Class for all hours worked in violation of Industrial Welfare Commission ("IWC") Wage Order No. 4 and California Labor Code sections 201, 202, 203, 204, 210, 223, 226.7, 510, 558, 1194, 1197, 1197.1 and 1198, or any other provision of law;

b.     Whether Defendants failed to pay overtime in violation of IWC Wage Order No. 4 and California Labor Code section 223, 510, 558, 1194

THIRD AMENDED CLASS ACTION COMPLAINT

and 1198 or any other provision of law;

c.   Whether Defendants failed to provide meal or rest periods in violation of Wage Order No. 4 and California Labor Code sections 226.7 and 512, or any other provision of law;

d.   Whether Defendants' payroll records failed to reflect all hours worked in violation of IWC Wage Order No. 4 and California Labor Code section 226, or any other provision of law;

e.   Whether Defendants, and each of them, engaged in unfair business practices in violation of the Unfair Competition Law (Cal. Bus.& Profs. Code § 17200 et seq.);

f.   Whether Defendants violated California Labor Code sections 201, 202, 203 and 204 by failing to pay wages due and owing at the time that any class member's employment with Defendants terminated;

g.   Whether DOES 1 through 100, and each of them, were co-conspirators or the alter egos of Defendants;

h.   The effect upon and the extent of the injuries suffered by Plaintiff and other members of the Plaintiff Class and the appropriate amount of reimbursement, restitution, damages or other compensation.

17.   The claims of the representative Plaintiff are typical of the claims of all members of the Plaintiff Class mentioned herein. Plaintiff, as a representative party, will fairly and adequately protect the interests of the Plaintiff Class by vigorously pursuing this suit through their attorneys, who are skilled and experienced in handling matters of this type.

18.   The nature of this action, and the nature of laws available to the Plaintiff and members of the Plaintiff Class identified herein, makes the use of the Class action format a particularly efficient and appropriate procedure to afford relief to the Plaintiff and the Plaintiff Class for the wrongs alleged herein. Further, this case involves one large corporate employer and a large number of individual

employees (Plaintiff and the Plaintiff Class), with many relatively small claims that have common issues of law and fact. If each employee were required to file an individual lawsuit, the corporate defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual Plaintiff with their vastly superior financial and legal resources. Requiring each member of the Plaintiff Class to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to pursue an action against the employer due to an appreciable and justifiable fear of retaliation and permanent damage to their careers at their present or subsequent employment. Proof of a common business practice or factual pattern, which the representative Plaintiff experienced, is representative of the Plaintiff Class mentioned herein and will establish the right of members of the Plaintiff Class to recover on the causes of action of alleged herein.

19.    The prosecution of separate actions by the individual members of the Plaintiff Class, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual members of the Plaintiff Class against Defendants herein, and would establish potentially incompatible standards of conduct for Defendants and/or legal determinations with respect to individual members of the Plaintiff Class, which would, as a practical matter, be dispositive of the interest of the other members of the Plaintiff Class not parties to the adjudications or which would substantially impair or impede the ability of the members of the Plaintiff Class to protect their interests.  Further, the claims of the individual members of the Plaintiff Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attendant thereto.

20.    Plaintiff and the Plaintiff Class are entitled to the monies unlawfully withheld. Further, the public is entitled to restitution and disgorgement of those

THIRD AMENDED CLASS ACTION COMPLAINT

funds being unlawfully withheld by Defendants. This action is brought as a representative action under the Unfair Competition Law for the benefit of the Public.

**FIRST CAUSE OF ACTION**
**FAILURE TO PAY WAGES DUE AND OWING**
*(Against Defendant Mosaic and Does 1 through 100, inclusive)*

21.    Plaintiff repeats and realleges by this reference each and every allegation contained in paragraphs 1 through 20, and incorporates the same herein as though fully set forth here.

22.    California Labor Code section 204 provides in part that "all wages . . . earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."

23.    California Labor Code section 201(a) provides in part that "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

24.    Plaintiff is informed and believe and thereon allege that Plaintiff and Members of the Plaintiff Class were not paid all earned wages, including overtime and/or double-time, due to Defendants' miscalculation of wages, failure to include non-discretionary bonuses in overtime calculations, or other means of withholding wages on regularly established paydays in violation of IWC Wage Order No. 4 and California Labor Code section 204.

25.    Pursuant to California Labor Code section 1194, "[n]otwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

26.    Pursuant to California Labor Code section 210, Plaintiff and the

Plaintiff Class are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee all of the wages earned, and $200.00 for each subsequent failure to pay each employee all of the wages earned; in addition, pursuant to section 210, for each subsequent failure to pay in compliance with California Labor Code section 204, Plaintiff and the Plaintiff Class are entitled to recover an additional amount equal to 25% of the unlawfully withheld wages.

27.    Plaintiff is informed and believes and thereon alleges that Plaintiff and the Plaintiff Class were not paid all wages earned and unpaid at the time of discharge, in violation of California Labor Code section 201(a), and were not paid all wages earned and unpaid within 72 hours of resignation, in violation of California Labor Code section 202(a).

28.    In addition to the wages due and owing, Plaintiff and the Plaintiff Class are entitled to waiting time penalties as provided in California Labor Code section 203.

29.    In addition to the wages due and owing, Plaintiff and the Plaintiff Class are entitled to penalties for any wages paid to them in an amount less than minimum wage as provided in IWC Wage Order No. 4 and California Labor Code section 1197.1.

30.    Plaintiff is informed, believes, and thereon alleges that Defendants, and each of them, knowingly and willingly conspired and agreed among themselves to fail to pay minimum the above-referenced wages, to Plaintiff and the Plaintiff Class for time spent as described above, and to deprive Plaintiff and all members of the Plaintiff Class of the benefit of their wages for Defendants' own personal profit.

31.    As a proximate result of the aforementioned violations of California Labor Code sections 200, 203, 204, 223, 1194 and 1197, and the facts herein alleged, Plaintiff is informed, believes and thereon alleges that he has been damaged in excess of the minimum jurisdictional limits of this Court.

THIRD AMENDED CLASS ACTION COMPLAINT

32.     Plaintiff has retained the services of legal counsel in order to enforce his rights, and is entitled to an award of attorney's fees and costs pursuant to California Labor Code section 218.5 and/or 1194(a).

## SECOND CAUSE OF ACTION
## FAILURE TO PAY OVERTIME WAGES
### *(Against Defendant Mosaic and Does 1 through 100, inclusive)*

33.     Plaintiff repeats and realleges by this reference each and every allegation contained in paragraphs 1 through 20, and 22 through 32, and incorporates the same herein as though fully set forth here.

34.     Pursuant to IWC Wage Order No. 4 and California Labor Code sections 200, 226, 510, 1194, and 1198, Defendants were required to compensate Plaintiff and the Plaintiff Class for all overtime, which is calculated at one and one-half (1½ ) times the regular rate of pay for hours worked in excess of eight (8) hours per day, and for the first eight (8) hours on the seventh consecutive work day; with double time after eight (8) hours on the seventh day of any work week, or after 12 hours in any work day.

35.     Plaintiff and the Plaintiff Class are non-exempt employees entitled to the protections of IWC Wage Order No. 4 and California Labor Code sections 200, 226, 510, 1194, and 1198.

36.     Under the aforementioned wage orders, statutes, and regulations, Plaintiff and the Plaintiff Class are entitled to one and one-half (1½) times and/or double their regular rate of pay for overtime work performed, based on appropriate calculations of the "total remuneration" for each workweek.

37.     In violation of the California Labor Code and other provisions of law, throughout the terms of employment of Plaintiff and the members of the Plaintiff Class, Defendants improperly failed to pay overtime wages, or any wages at all, to Plaintiff and members of the Plaintiff Class for time spent working for Defendants'.  All of the aforementioned hours, when added to the regular hours and/or overtime hours for which Plaintiff and the Plaintiff Class have been paid,

THIRD AMENDED CLASS ACTION COMPLAINT

constitute additional overtime hours in excess of eight hours per day and/or in excess of 40 hours per week.

38.    Plaintiff is informed, believes, and thereon alleges that Defendants, and each of them, knowingly and willingly conspired and agreed among themselves to fail to pay overtime wages, or any wages at all, to Plaintiff and the Plaintiff Class for time spent as described above,
and to deprive Plaintiff and all persons similarly situated of the benefit of their wages for Defendants' own personal profit.

39.    As a proximate result of the aforementioned violations of the IWC Wage Order No. 4 and California Labor Code sections 200, 226, 1194 and 1198, and the facts herein alleged, Plaintiff is informed, believes, and thereon alleges that he, and the Plaintiff Class, have been damaged in excess of the minimum jurisdictional limits of this Court.

40.    At all times relevant herein, California Labor Code section 1194(a) has provided that an employee who has not been paid the legal overtime compensation can recover the unpaid balance of the full amount of overtime wages due for all hours worked, including interest thereon, together with reasonable attorney's fees and costs of suit.

41.    Pursuant to IWC Wage Order No. 4 and California Labor Code section 558, each Plaintiff and/or Class Member is entitled to recover $50.00 from Defendants for the initial pay period in which each Plaintiff and/or Class Member was underpaid, in addition to the amount which is sufficient to recover unpaid wages, and $100.00 per pay period for each subsequent violation.

42.    Plaintiff has retained the services of legal counsel in order to enforce his rights, and is entitled to an award of attorney's fees and costs pursuant to California Labor Code section 218.5.

///

///

THIRD AMENDED CLASS ACTION COMPLAINT

**THIRD CAUSE OF ACTION**
**FAILURE TO PROVIDE MEAL OR REST BREAKS**
*(Against Defendant Mosaic and DOES 1 through 100, inclusive)*

43.    Plaintiff repeats and realleges by this reference each and every allegation contained in paragraphs 1 through 20, 22 through 32, and 34 through 42, and incorporates the same herein as though fully set forth here.

44.    Pursuant to IWC Wage Order No. 4 and California Labor Code section 226.7, Defendants were required to authorize and provide meal and rest periods to non-exempt employees including Plaintiff and each member of the Plaintiff Class, based upon the total hours worked.  An uninterrupted meal period of not less than 30 minutes is required if an employee works at least five hours. An uninterrupted rest period of ten minutes is required per four hours worked, or major fraction thereof, with no deduction from wages.

45.    In violation of the California Labor Code and other provisions of law, throughout the term of employment of Plaintiff and the members of the Plaintiff Class, Defendants unlawfully failed to authorize and provide Plaintiff and each member of the Plaintiff Class with meal and rest periods as set forth above.

46.    Plaintiff is informed, believes, and thereon alleges that Defendants, and each of them, knowingly and willingly conspired and agreed among themselves to fail to provide meal or rest periods to Plaintiff and the Class as described above, and to deprive Plaintiff and all persons similarly situated of the benefit of their meal or rest periods for Defendants' own personal profit.

47.    As a proximate result of the afore-mentioned violations of the IWC Wage Order No. 4 and California Labor Code section 226.7, and the facts herein alleged, Plaintiff is informed, believes and thereon alleges that they have been damaged in excess of the minimum jurisdictional limits of this Court.

48.    At all times relevant herein, California Labor Code section 226.7 and IWC Wage Order No. 4 required Defendants to pay Plaintiff and each member of the Plaintiff Class one hour of pay at the regular rate of compensation for each

work day that any meal was not provided and an additional hour of pay at the regular rate of compensation for each work day that any rest period was not provided.

49.    Plaintiff has retained the services of legal counsel in order to enforce his rights, and is entitled to an award of attorney's fees and costs pursuant to California Labor Code section 218.5.

### FOURTH CAUSE OF ACTION
### FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS
#### *(Against Defendant Mosaic and DOES 1 through 100, inclusive)*

50.    Plaintiff repeats and realleges by this reference each and every allegation contained in paragraphs 1 through 20, 22 through 32, 34 through 42, and 44 through 49, and incorporates the same herein as though fully set forth here.

51.    California Labor Code section 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing:

(1)    gross wages earned,

(2)    total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3)    the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4)    all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5)    net wages earned,

(6)    the inclusive dates of the period for which the employee is paid,

(7)    the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number may be shown on the itemized statement,

(8)    the name and address of the legal entity that is the employer, and

THIRD AMENDED CLASS ACTION COMPLAINT

(9)    all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

52.    At all times relevant herein, Defendants violated California Labor Code section 226 in that Defendants failed to provide an accurate wage statement in writing that properly and accurately itemized all hours worked by Plaintiff and members of the Plaintiff Class and thereby also failed to set forth the correct amount of all wages earned by the employees, including overtime wages.

53.    Plaintiff is informed, believe, and thereon alleges that Defendants, and each of them, knowingly and willingly conspired and agreed among themselves to fail to provide accurate wage statements, to Plaintiff and the Plaintiff Class for time spent as described above, and to deprive Plaintiff and all persons similarly situated of the benefit of their wages for Defendants' own personal profit.

54.    As a proximate result of the aforementioned violations of the California Labor Code section 226, and the facts herein alleged, Plaintiff is informed, believes, and thereon alleges that he has been damaged in excess of the minimum jurisdictional limits of this Court. These damages include, but are not limited to, costs expended in calculating the correct number of hours worked and the correct amount of wages due for all hours worked, including overtime hours.

55.    Further, Labor Code section 226(e)(1) provides that an employee suffering injury as a result of a knowing and intentional failure to provide an accurate wage statement is entitled to the greater of (1) "actual damages" or (2) specified penalties not to exceed $4,000.00.

56.    Plaintiff has retained the services of legal counsel in order to enforce his rights, and is entitled to an award of attorney's fees and costs pursuant to California Labor Code section 226.

///

THIRD AMENDED CLASS ACTION COMPLAINT

## FIFTH CAUSE OF ACTION
## UNFAIR BUSINESS PRACTICES
### *(Against Defendant Mosaic and DOES 1 through 100, inclusive)*

57.    Plaintiff repeats and realleges by this reference each and every allegation contained in paragraphs 1 through 20, 22 through 32, 34 through 42, 44 through 49, and 51 through 56, and incorporates the same herein as though fully set forth here.

58.    Defendants have engaged in unfair business practices in California, and thereby violated California Business and Professions Code section 17200, by engaging in the deceptive practices outlined above including, without limitation, by misclassifying class members as exempt,  by failing to pay wages due and owing, failing to pay overtime wages, failing to properly recalculate overtime following the payment of nondiscretionary bonuses, and by failing to provide accurate itemized statements to Plaintiff and members of the Plaintiff Class. Defendants' use of such practices constitutes an unfair business practice, an unfair competition and provides an unfair advantage over Defendants' competitors.

59.    The prompt payment of overtime is a fundamental public policy of the State of California.  In Section 2 of the "Eight-Hour-Day Restoration and Workplace Flexibility Act of 1999," the California Legislature reaffirmed the state's unwavering commitment to uphold the eight-hour workday as a fundamental protection for working people, declaring as follows:

    i.    The eight-hour workday is the mainstay of protection for California's working people, and has been for over 80 years.

    ii.    In 1911, California enacted the first daily overtime law setting the eight-hour daily standard, long before the federal government enacted overtime protections for workers.

    iii.    Numerous studies have linked long work hours to increased rates of accident and injury.

    iv.    Family life suffers when either or both parents are kept away

16

THIRD AMENDED CLASS ACTION COMPLAINT

from home for an extended period of time on a daily basis. . . .[and]

v.   Therefore, the Legislature affirms the importance of the eight-hour workday, declares that it should be protected, and reaffirms the state's unwavering commitment to upholding the eight-hour workday as a fundamental protection for working people.

60.   It is also the public policy of this State to enforce minimum labor standards to ensure that employees are not required or permitted to work under substandard and unlawful conditions, for substandard and unlawful wages, and to protect those employers who comply with the law from losing competitive advantage to other employers who fail to comply with labor standards and requirements.

61.   On behalf of the general public, Plaintiff seeks full restitution and disgorgement of said monies from Defendants, as necessary and according to proof, to restore any and all monies acquired in any way by Defendants by means of the unfair practices complained of herein.  Plaintiff seek the appointment of a receiver, as necessary, to establish the total monetary relief sought from Defendants.  The acts complained of herein occurred, at least in part, within the last 4 years preceding the filing of the Complaint, on or around November 20, 2015.

62.   Plaintiff is informed, believes and thereon alleges that at all times herein mentioned, Defendants have engaged in unlawful, deceptive and unfair business practices prohibited by California Business and Professions Code section 17200, thereby depriving Plaintiff  individually and a representative of other members of the general public of the minimum working condition standards and conditions due to them under California Labor Code sections 201, 202, 203, and 204, as well as other provisions of the California

THIRD AMENDED CLASS ACTION COMPLAINT

1    Labor Code and IWC Wage Order No. 4, as previously described herein.

2        63.    Plaintiff is also entitled to an injunction and other equitable relief

3    against such unlawful practices in order to prevent future damage, for which there

4    is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

5        64.    The illegal conduct alleged herein is continuing, and there is no

6    indication that Defendants will discontinue such activity in the future.  Plaintiff

7    alleges that if Defendants are not enjoined from the conduct set forth in this

8    complaint, they will continue to fail to pay wages due and owing, including

9    overtime wages as set forth above, to its employees.  Plaintiff, therefore, requests

10   that this Court issue a preliminary and permanent injunction prohibiting

11   Defendants from depriving its employees of wages for all hours worked, including

12   overtime wages, and from failing to provide the appropriate meal and rest periods,

13   or from any other unlawful policy.

14       65.    Plaintiff's success in this action will result in the enforcement of

15   important rights affecting the public and will confer a significant benefit upon the

16   general public.  Private enforcement of the rights enumerated in this complaint is

17   necessary, as public agencies have only sought limited enforcement of those

18   rights, if any.  Plaintiff individually, and by and through counsel, is incurring a

19   financial burden in pursuing this action on behalf of the general public. Therefore,

20   Plaintiff seeks an award of attorney's fees and costs of suit on this Cause of Action

21   pursuant to California Code of Civil Procedure section 1021.5 and other

22   applicable laws.

23                          **PRAYER FOR RELIEF**

24       WHEREFORE, Plaintiffs pray that judgment be entered in their favor and

25   against Defendants, and each of them, as follows:

26       1.    For compensatory damages;

27       2.    For restitution of all monies due to Plaintiff and members of the

28   Plaintiff Class as a result of Defendants' unlawful business practices;

3.     For waiting time penalties pursuant to California Labor Code section 203;

4.     For statutory damages, liquidated damages and penalties pursuant to California Labor Code sections 210, 226, 226(e), 226.7, 510, 512, 558, 1194, 1194.2, 1197, 1197.1, and 1198, and IWC Wage Order No. 4;

5.     For accrued interest on all due and unpaid wages from the date wages were due an payable, pursuant to California Labor Code section 218.6;

6.     For an order enjoining defendants from engaging in the unlawful and unfair business practices complained of herein;

7.     For attorney's fees and costs pursuant to California Labor Code sections 218.5, 226, 1194 and 2699, and California Code of Civil Procedure section 1021.5; and

8.     For all such other and further relief that the Court may deem just and proper.

Dated: March 17, 2017          RGLAWYERS, LLP

BY:   /s/ Solomon E. Gresen
       SOLOMON E. GRESEN
Attorneys for Plaintiff, Elijah Bey, on behalf of himself and all others similarly situated

## JURY TRIAL DEMAND

Plaintiff, on his own behalf and on behalf of all others similarly situated, hereby demands a trial by jury.

Dated: March 17, 2017          RGLAWYERS, LLP

BY:   /s/ Solomon E. Gresen
       SOLOMON E. GRESEN
Attorneys for Plaintiff, Elijah Bey, on behalf of himself and all others similarly situated

19

THIRD AMENDED CLASS ACTION COMPLAINT

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles. I am over the age of eighteen and am not a party to the within action. My business address is 15910 Ventura Boulevard, Suite 1610, Encino, California 91436.

On March 17, 2017, I served a copy of the following document described as **THIRD AMENDED CLASS ACTION COMPLAINT** on the interested parties in this action as follows:

| | |
|---|---|
| Michael D. Mandel, Esq.<br>Joanna E. MacMillan, Esq.<br>MCGUIREWOODS LLP<br>1800 Century Park East, 8th Floor<br>Los Angeles, California 90067<br>Fax No.: (310) 315-8210<br>Email:<br>JMacMillan@mcguirewoods.com | Attorneys for Defendant |

___ **BY MAIL:** By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on that date following ordinary business practices. I am "readily familiar" with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. mail Postal Service in Los Angeles, California, in a sealed envelope with postage fully prepaid.

___ **BY OVERNIGHT DELIVERY:** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed as above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

XX **BY E-MAIL OR ELECTRONIC TRANSMISSION**: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail address listed above. My electronic notification address is jh@rglawyers.com. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

XX **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

EXECUTED on March 17, 2017, at Encino, California.

Javier Hernandez

20

THIRD AMENDED CLASS ACTION COMPLAINT